UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
A.S.,

       Plaintiff,

  -against-                                      No. 1:21-CV-620 (BKS) (ATB)

CITY SCHOOL DISTRICT OF ALBANY; CITY
SCHOOL DISTRICT OF ALBANY BOARD
OF EDUCATION; LORI MCKENNA, IN HER
INDIVIDUALCAPACITY; DALE GETTO, IN HER
INDIVIDUALCAPACITY; ANNE SAVAGE, IN
HER INDIVIDUAL CAPACITY; JEFFREY
HONEYWELL, IN HIS INDIVIDUAL CAPACITY,

       Defendants.

-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

On the Brief:

Rebecca Houlding, Esq.
Giselle Schuetz, Esq.
**FRIEDMAN & HOULDING LLP**
1050 Seven Oaks Lane
Mamaroneck, New York 10543
212.308.4338
866.731.5553
rebecca@friedmanhouldingllp.com
giselle@friedmanhouldingllp.com

**TABLE OF CONTENTS**

I. **FACTS**………………………………………………………………………………..3

II. **LEGAL STANDARD**……………………………………………………………….4

III. **ARGUMENT**………………………………………………………………………...5

    A. The Subject Matter of This Litigation is of the Highest Sensitivity.......................6

    B. Denying Anonymity Risks Harm to Plaintiff and Innocent Student Third Parties...........................................................................................................................7

    C. Defendant Will Suffer No Prejudice from Plaintiff's Anonymity........................10

    D. The Government Defendant Weighs in Favor of Anonymity..............................11

    E. The Public's Interest is Furthered by Anonymity ................................................12

    F. Plaintiff's Identity Has Been Kept Confidential....................................................12

IV. **CONCLUSION**..............................................................................................................13

**MEMORANDUM OF LAW**

Plaintiff A.S. ("Plaintiff") makes the instant motion to proceed in the above-captioned case as a pseudonymous plaintiff. This Court should permit A.S. to protect her identity from public disclosure because this case involves matters of the highest sensitivity (sexual misconduct toward a minor), it is pursued against a government defendant with a diminished interest in protecting its reputation, the public's interest is furthered by anonymity in this and other sexual misconduct cases, innocent non-parties as well as Plaintiff would be harmed by public disclosure of her identity, Plaintiff's identity has been kept publicly undisclosed to date, and Defendant will suffer no prejudice from Plaintiff's anonymity. Plaintiff's motion should be granted.

### I. FACTS

In her Complaint, Plaintiff A.S. alleges she was harassed by a male student perpetrator while she attended a high school operated by Defendants City School District of Albany and the City School District of Albany Board of Education. As set forth in her Complaint, the perpetrator sexually harassed Plaintiff beginning when she was just fifteen years old, including but not limited to by writing and circulating a violent rape fantasy concerning Plaintiff via text message to male classmates (Dkt. 1 ¶¶63-66) and going so far as to publicly ask his Chemistry instructor how to make chloroform, which was an element in the rape narrative (¶67); circulating violent sexual text messages concerning Plaintiff and another female student that referenced their bodies, oral sex, mutilation, Viagra-fueled rape, and noise-cancelling headphones (¶¶146-149; see also Dkt. 1, Exhibit B); grabbing and holding plaintiff's arm (¶73); asking her "do you want to be my dominatrix?" (¶74); screaming profanities at her (¶56); and other highly offensive conduct and actions. He further engaged in offensive sexual conduct toward other students not parties to this case, about which Plaintiff was aware: he texted a third-party student a sexually

3

violent "song" with lyrics suggesting he had raped her and left her crying on the floor (¶61), told a student that she should post color photos of herself on Instagram because he "masturbated better to color photos" (¶69), stalked and made sexual comments to another student including about penis size (¶78), and engaged other offensive sexual conduct. The Complaint does not identify the perpetrator student nor the third-party students by name. Plaintiff now seeks leave to pursue her claims under a pseudonym.

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, generally "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a)(1). However, courts "approve[] of litigating under pseudonym in certain circumstances." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008). To proceed anonymously a plaintiff must demonstrate that she has "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Macinnis v. Cigna Grp. Ins. Co. of Am.*, 379 F.Supp.2d 89, 90 (D. Mass. 205) (internal quotes and cites omitted). "[T]he decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." *Doe v. C.A.R.S. Protection Plus, Inc.,*, 527 F.3d 358, 371 n.2 (3d Cir. 2008). In exercising this discretion, courts in this Circuit "balance [the] interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice" to the other party. *Sealed Plaintiff,* 537 F.3d at 185. The following ten factors should be considered:

(1) "whether the litigation involves matters that are highly sensitive and [of a] personal nature";

(2) "whether identification poses a risk of retaliatory physical or mental harm to the….party [seeking to proceed under pseudonym] or even more critically, to innocent non-parties";

(3) "whether identification presents other harms and the likely severity of those harms";

(4) "whether [a party or non-party] is particularly vulnerable to the possible harms of disclosure";

(5) "whether the suit is challeng[ing] the actions of the government or that of private parties";

(6) whether there would be any prejudice to a party by proceeding with the case anonymously;

(7) whether the parties' identities have been kept confidential;

(8) "whether the public's interest in the litigation is furthered by requiring" the identification of the parties or non-parties;

(9) "whether….there is an atypically weak public interest in knowing the litigants' identities"; and

(10) "whether there are any alternative mechanisms for protecting the confidentiality of the [parties or non-parties]."

*Sealed Plaintiff,* 537 F.3d at 190 (citations and internal quotes omitted).

### III. ARGUMENT

The ten factors taken together weigh heavily in favor of permitting Plaintiff to proceed under a pseudonym. As set forth in detail below, this case involves matters of the highest sensitivity (sexual misconduct toward a minor), it is pursued against a government defendant with a diminished interest in protecting its reputation, the public's interest is furthered by anonymity in this and other sexual misconduct cases, innocent non-parties as well as Plaintiff

would be harmed by public disclosure of her identity, Plaintiff's identity has been kept undisclosed to date, and Defendant will suffer no prejudice from Plaintiff's anonymity as it is already aware of her identity as well as those of the student witnesses. Plaintiff, the alleged perpetrator, and witnesses were all minors at the time of the events in question. Plaintiff's Motion should be granted.

### A. The Subject Matter of This Litigation is of the Highest Sensitivity

The central allegations in this case involve sexual harassment of--including violent rape fantasies regarding—an underage child. There are few matters that are more "highly sensitive" than sexual misconduct, and courts have not hesitated to permit pseudonymous filing in such cases. *See, e.g., Doe v. Univ. of Conn.*, 2013 U.S. Dist. LEXIS 119251, *88 (D. Conn. Aug. 22, 2013) (permitting plaintiff to proceed under pseudonym where complaint involved allegations of sexual harassment, and stating "it is difficult to conceive of allegations that can be more sensitive or personal"); *Painter v. Doe*, 2016 U.S. Dist. LEXIS 91003, *17 (W.D.N.C. July 12, 2016) ("Sexual misconduct is a subject matter sufficiently sensitive and personal to….favor[] anonymity…"); *Jane Doe No. 1 et al v. Meisels et al*, 1:14-cv-05725 (E.D.N.Y.), Order (Nov. 6, 2014) (Dkt. 5) ("the allegations made here involve matters that are highly sensitive and of a personal nature, as they deal with sexual assault and harassment") (cites omitted). In fact, courts in this Circuit routinely allow plaintiffs to proceed pseudonymously in Title IX cases involving allegations of gender-based misconduct. *See, e.g., Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787, *6-7 (N.D.N.Y. Apr. 12, 2016) ("the Court finds that protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected"; *B.B. v. The New School*, No. 1:17-cv-8347 (S.D.N.Y.); *Doe v. Weill Cornell Med. Coll. Of Cornell Univ.,* No. 1:16-cv-3531

(S.D.N.Y.), Order (May 12, 2016) (ECF 12); *Doe v. Meisels*, 1:14-cv-5725 (E.D.N.Y.), Order (Nov. 6, 2014) (ECF 5); *Doe v. Columbia Univ.*, No. 1:14-cv-3573 (S.D.N.Y.), Order (June 9, 2014) (ECF 3). Additionally, "[a]llegations of sexual abuse of minors typically weigh significantly in favor of a plaintiff's interest [in anonymity]." *Rapp v. Fowler*, 2021 U.S. Dist. LEXIS 84214, *10 (S.D.N.Y. May 3, 2021); *see also, Doe v. E. Haven Bd. of Educ.*, 430 F.Supp.2d 54, 55 n.1 (D. Conn. Mar. 31, 2008) ("[b]ecause this case involved the sexual assault of a minor, the Court granted the plaintiff's motion to proceed in a fictitious name and to refer to the minor child by her initials," and although the parties used their real names at trial, which also are recorded in the jury charge and trial transcripts," [t]o protect [plaintiff's] privacy, however, the Court will use her initials and her mother's pseudonym in this ruling" on defendant's post-trial motions)); Local Rule 5.2(a)(2) (requiring that in all filings with the court "[i]f the involvement of a minor child must be mentioned, use only the initials of that child").

Here, the Complaint alleges that the perpetrator sexually harassed Plaintiff, including by making her the subject of written rape fantasies that he circulated among classmates when she was only fifteen years old, and circulating violent sexual text messages referencing Plaintiff and another female student that referenced their bodies, oral sex, mutilation, Viagra-fueled rape, and noise-cancelling headphones. This humiliating conduct is highly sensitive both in its inherent nature, and due to Plaintiff's age at the time it occurred. The first factor therefore weighs heavily in favor of Plaintiff's request to proceed under a pseudonym.

### B. Denying Anonymity Risks Harm to Plaintiff and Innocent Student Third Parties

The second and third factors also weigh in favor of Plaintiff's request to proceed under a pseudonym. Disclosure of Plaintiff's identity would potentially subject her to humiliation, the risk of public disapproval, and further emotional distress, which alone supports her request for

anonymity. *See, e.g., Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Penn. July 13, 2001) (holding pseudonym is justified where inter alia "plaintiff's fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of these events [her experience of sexual misconduct] is well-founded"). Plaintiff already has a justified fear of retaliation from certain persons who are aware of her identity who have issued threats; for instance, the School Board President's threat to sue Plaintiff and her family both while Plaintiff was in high school and again recently; and the school Vice Principal's threat to Plaintiff and another student victim that the Board President was "angry with them" and to "watch out," among others. Complt. ¶¶4, 137. These ongoing threats exacerbate Plaintiff's reasonable fear of public disapproval or retribution should she be identified to the broad public. Moreover, these risks are magnified by the internet, which would make information regarding humiliating events experienced during Plaintiff's childhood permanently accessible to anyone with a smartphone. *See Rapp*, 2021 U.S. Dist. LEXIS 84214 at *9 ("[I]t bears mentioning that the digital age has adversely affected the privacy of litigants. The days when court records of litigation largely escaped public notice as they languished in countless file rooms largely ended with the advent of electronic case files, the internet, search engines, and other aspects of the information age.").

     Additionally, identifying Plaintiff could allow the public to more easily identify the other students discussed in the Complaint who are also alleged to have suffered humiliating sexual harassment from the same individual, but who are not plaintiffs in the case. Courts recognize that third parties have an even greater interest in anonymity: for instance, in *Doe v. Univ. of Miss.*, 2018 U.S. Dist. LEXIS 58972 (S.D. Miss. Apr. 6, 2018), the plaintiff college student sought to proceed pseudonymously to protect his own identity and that of the student he had been accused of sexually assaulting. The court granted the plaintiff's motion, and regarding the third party

8

alleged victim, held that "[t]hough she is not a party to this litigation, it will focus upon, and has already described in detail, extraordinarily intimate details of a sexual encounter. Her right to privacy with regard to the events described within the complaint outweighs the public's right to know her identity." Id. at *4; *see also Doe v. Trs. of Dartmouth Coll.*, 2018 U.S. Dist. LEXIS 74066 (D.N.H. May 2, 2018) (granting plaintiff's motion for anonymity inter alia because "[s]hould plaintiff be publicly identified, Sally[, a third party victim] would likely be identified as well, and Sally has a stronger case for anonymity").

As set forth in the Complaint, the perpetrator in this case texted a third-party student a sexually violent "song" with lyrics suggesting he had raped her and left her crying on the floor (Dkt. 1 ¶61), told a student that she should post color photos of herself on Instagram because he "masturbated better to color photos" (¶69), stalked and made sexual comments to another student including about penis size (¶78), and is alleged to have engaged in other offensive sexual conduct. These students—who are referred to only by pseudonym in the Complaint—would be significantly more easily identifiable by the public and the media if Plaintiff's identity were disclosed, even though they currently have not pursued legal claims against Defendants. Plaintiff has also referred to the perpetrator student by pseudonym in the Complaint – and has even used a pseudonym for his school board member parent, to maintain the student's identity as confidential. Permitting plaintiff to proceed anonymously is therefore necessary to protect not only her own privacy, but to prevent harm to the third-party student victims, and even the alleged student harasser. *See Doe v. Trs. Of Dartmouth Coll.,* 2018 U.S. Dist. LEXIS 74066 at *15 (permitting plaintiff's anonymity and noting third party victim's interest in anonymity is "[e]ven more salient to the court").

Moreover, requiring Plaintiff to proceed under her name would be particularly damaging where a case concerning sexual misconduct in a school is likely to attract media attention, given national media trends. *Cf. Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787, *6 ("Recently, cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers."). This enhances the need for pseudonymity in this case.

### **C**.      **Defendant Will Suffer No Prejudice from Plaintiff's Anonymity**

Permitting Plaintiff to proceed under her initials will cause Defendant no prejudice. "[T]here is no prejudice to [defendant's] ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym where the defendants already know the plaintiff's name." *Doe v. Solera Capital LLC*, 2019 U.S. Dist. LEXIS 55860, *18 (S.D.N.Y. Mar. 31, 2019), quoting EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. Feb. 19, 2003). *See also Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers.").

Defendants here already know Plaintiff's identity. Further, all the other students who potentially have information concerning the allegations in the Complaint are also known to the government defendant already, since it possesses lists of the students enrolled at Plaintiff's school, possesses attendance records, and knows which students were assigned to which courses at which times—allowing Defendant to determine who could have been present for which events described in the Complaint. Plaintiff's pseudonymity in public court filings will therefore have no impact on Defendant's ability to conduct discovery or otherwise to make out any defense. The

10

sixth factor therefore also weighs in favor of anonymity. *See EW*, 213 F.R.D. at 112 (granting anonymity where, inter alia, "defendant has not identified any prejudice to its ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym[,]" and "conceded at oral argument, that it already knew plaintiff's name"); *Doe v. Univ. of Miss.,* 2018 U.S. Dist. LEXIS 58972 at \*4 (permitting pseudonymity of plaintiff and third party "will not prejudice or pose a threat of fundamental unfairness to Defendants, as they are already aware of the individuals' identities").

### D. The Government Defendant Weighs in Favor of Anonymity

Regarding the fifth factor, where "'a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong.' That is because '[i]n such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization)," and "'the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Plaintiffs # 1-21 v. Cty. of Suffolk*, 138 F. Supp. 3d 264, 274-75 (E.D.N. Y. 2015), *quoting EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citations omitted). Here, Defendants City School District of Albany and its Board of Education, the main Defendants, are government entities, with diminished interests in protecting their reputation, and Plaintiff, as a student who was subjected to discrimination by Defendants as a minor, represents a minority interest with an enhanced need for anonymity. Plaintiff's claims against the additional individual defendants in this case are based upon their association with this government defendant. Therefore, this factor also supports Plaintiff's request for anonymity. *See, e.g., Doe v. City of New York,* 2020 U.S. Dist. LEXIS 4655, \*12 (E.D.N.Y. Jan. 9, 2020) (redacting plaintiff's full name where plaintiff challenged government action).

### E.     The Public's Interest is Furthered by Anonymity

Regarding the eighth factor in the ten-factor test, courts hold that there is a recognized public interest in ensuring that victims of sexual misconduct are not deterred from coming forward in the courts. *See, e.g., Doe v. Evans*, 202 F.R.D. 173, 176 (allowing anonymity and holding "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights"); *Doe No. 2 v. Kolko*, 242 F.R.D. 193 ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes").

The Local Rules of this Court also reflect recognition of the importance of this interest: Rule 5.2(a), concerning personal privacy protection, <u>requires</u> filers to "use only information that does not tend to identify the victim(s) of sexual assault, and redact the name to 'Victim 1,' 'Victim 2', etc." Permitting Plaintiff to pursue her claims under a pseudonym is consistent with and furthers this important public interest.

### F.     Plaintiff's Identity Has Been Kept Confidential

Regarding the seventh factor, Plaintiff's identity—and the identity of the male student who allegedly harassed her—have to date been kept confidential. While local community members were aware of at least some of the allegations set forth in the Complaint and some of the identities of the minor students involved during the course of the events described, there has been no press coverage revealing Plaintiff's name, nor that of the perpetrator student or the other student victims. The press coverage of a student protest concerning Defendants' mishandling of Plaintiff's complaints did not identify Plaintiff by name, nor state what was the nature of her allegations, nor discuss the events that gave rise to her claims. Further, a Commissioner of Education decision relating to the events in the Complaint solely used Plaintiff's, the

perpetrator's and victims' initials. In the event there is press coverage concerning the instant Complaint, granting this motion will only make it more likely that Plaintiff's and other victims'/witnesses' names will not be revealed in the media. Plaintiff's request for anonymity therefore is not moot. This weighs in favor of permitting her to proceed pseudonymously. *See, e.g. Doe v. Univ. of Conn.*, 2013 U.S. Dist. LEXIS 119251 at *89 (permitting plaintiff to continue litigating under pseudonym because, inter alia, "[f]or purposes of this litigation, plaintiff's identity has thus far been kept confidential"); *Doe v. City of New York,* 2020 U.S. Dist. LEXIS 4655 at*12 (redacting plaintiff's full name where "plaintiff has proceeded anonymously throughout the instant litigation thus far").

## IV.     CONCLUSION

Due to the highly sensitive nature of the key allegations in this case, the risk of harm to non-party students, the lack of any prejudice to Defendants, the important public interest served, the identity of the government Defendants, and the continued confidentiality of Plaintiff's identity to date, the ten factors, on balance, weigh heavily in favor of permitting Plaintiff to pursue her claims pseudonymously. Plaintiff therefore respectfully requests that her motion be granted.

Dated: June 1, 2021

**FOR PLAINTIFF A.S.:**

BY: *Rebecca Houlding*
Rebecca Houlding, Esq.
Giselle Schuetz, Esq.
**FRIEDMAN & HOULDING LLP**
1050 SEVEN OAKS LANE
MAMARONECK, NEW YORK 10543
(T) 212.308.4338 x5
(F) 866.731.5553

rebecca@friedmanhoudingllp.com
giselle@friedmanhouldingllp.com