UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

A.S.,

                                 Plaintiff,

      -against-                                  **Civil Case No.: 1:21-cv-620**
                                                                     **(BKS/ATB)**

CITY SCHOOL DISTRICT OF ALBANY; CITY
SCHOOL DISTRICT OF ALBANY BOARD OF
EDUCATION; LORI MCKENNA, in her Individual
Capacity; DALE GETTO, in her Individual Capacity;
ANNE SAVAGE, in her Individual Capacity;
JEFFREY HONEYWELL, in his Individual Capacity,

                                  Defendants.

_____

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

_____

JOHNSON & LAWS, LLC
Attorneys for Defendants – *ACSD, ACSD*
    *BOE, McKenna, Getto, and Savage*
Office and P.O. Address
646 Plank Road, Suite 205
Clifton Park, New York 12065
Tel:   518-490-6428

Of Counsel:

Loraine C. Jelinek, Esq.

# TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ...................................................................1

BRIEF STATEMENT OF FACTS...............................................................2

LEGAL STANDARD..................................................................................5

LEGAL ARGUMENT..................................................................................7

POINT I        PLAINTIFF'S MOTION VIOLATES MULTIPLE SUBSECTIONS
               OF THIS COURT'S LOCAL RULE 7.1 AND LACKS ANY
               EVIDENTIARY SUPPORT FOR THE FACTUAL CONTENTIONS
               ALLEGED THEREIN ...........................................................7

POINT II       PLAINTIFF'S MOTION IS FUTILE BECAUSE HER IDENTITY
               AND THE IDENTITIES OF OTHER RELEVANT PARTIES
               HAVE NOT BEEN KEPT CONFIDENTIAL ...........................9

POINT III      PLAINTIFF'S CHARACTERIZATION OF THE "HIGH
               SENSITIVITY" OF THIS ACTION IS DISINGENUOUS.......................15

POINT IV       PLAINTIFF'S THEORY THAT THE INDIVIDUALLY-NAMED
               SCHOOL DISTRICT OFFICIALS HAVE DIMINISHED
               INTERESTS IN PROTECTING THEIR REPUTATIONS BELIES
               WELL-SETTLED LAW.............................................................18

POINT V        ALBANY CITY SCHOOL DISTRICT WOULD SUFFER
               SIGNIFICANT PREJUDICE IF PLAINTIFF'S MOTION TO
               PROCEED UNDER PSEUDONYM WAS GRANTED.............................19

POINT VI       PLAINTIFF HAS FAILED TO PROVE THAT SHE WILL SUFFER
               RETALIATORY HARM BY DISCLOSURE OF HER IDENTITY.........21

POINT VII      THE PUBLIC'S INTEREST IN THIS LITIGATION IS
               SIGNIFICANTLY FURTHERED BY DISCLOSURE OF
               PLAINTIFF'S IDENTITY .......................................................24

POINT VIII     THE PUBLIC'S INTEREST IN THIS LITIGATION IS
               SIGNIFICANTLY FURTHERED BY DISCLOSURE OF
               PLAINTIFF'S IDENTITY .......................................................25

CONCLUSION..............................................................................................26

i

## TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Andersen v. North Shore Long Island Jewish Healthcare System's Zucker Hillside Hosp.,*
2013 U.S. Dist. LEXIS 28602 (E.D.N.Y. 2013)......................................................10

*B.B. v. The New School,*
No. 1:17- cv-8347 (S.D.N.Y. 2018)...............................................................16, 17

*Doe v. Berg,*
2016 U.S. Dist. LEXIS 198309 (S.D.N.Y. 2016).............................................10, 11

*Doe v. Del Rio,*
241 F.R.D. 154 (S.D.N.Y. 2006) .....................................................................15

*Doe v. Delta Airlines, Inc.,*
310 F.R.D. 222 (S.D.N.Y. 2015) .....................................................................19

*Doe v. Hofstra University,*
2018 U.S. Dist. LEXIS 69853 (E.D.N.Y. 2018)....................................................7

*Doe v. Putnam Cty.,*
344 F. Supp. 3d 518 (S.D.N.Y. 2018).................................................................7

*Doe v. Shakur,*
164 F.R.D. 359 (S.D.N.Y. 1996) ..........................................................11, 18, 22

*Doe v. Skyline Autos. Inc.,*
375 F. Supp. 3d 401 (S.D.N.Y. 2019)......................................15, 21, 24, 25

*Doe v. Smith,*
2001 U.S. Dist. LEXIS 24974 (E.D.N.Y. 2001)....................................................8

*Doe v. Smith,*
2019 U.S. Dist. LEXIS 205707 (N.D.N.Y. 2019) ..................................................5

*Doe v. Syracuse Univ.,*
2018 U.S. Dist. LEXIS 154899 (N.D.N.Y. 2018) .............................................5, 10

*Doe v. Townes,*
2020 U.S. Dist. LEXIS 83550 (S.D.N.Y. 2020)............................................6, 19, 21

*Doe v. United States,*
2017 U.S. Dist. LEXIS 83745 (S.D.N.Y. 2017)...................................................25

*Doe v. University of Rhode Island,*
  1993 U.S. Dist. LEXIS 19257 (D. RI. 1993)................................................22

*Doe v. Weill Cornell Med. Coll. Of Cornell Univ.,*
  No. 1:16-cv-3531 (S.D.N.Y. 2016)..........................................................17

*Doe v. Weinstein,*
  484 F. Supp. 3d 90 (S.D.N.Y. 2020)..............................................10, 22, 24, 25

*John Doe v. Columbia Univ.,*
  No. 1:14-cv-3573 (S.D.N.Y. 2014)..........................................................17

*Perry v. Goord,*
  2009 U.S. Dist. LEXIS 53884 (W.D.N.Y. 2009) ...............................................8

*Pierre v. County of Broome,*
  2006 U.S. Dist. LEXIS 108918 (N.D.N.Y. 2006) ......................................5, 10, 18

*Rapp v. Fowler,*
  2021 U.S. Dist. LEXIS 84214 (S.D.N.Y. 2021)..........................8, 15, 16, 17, 19, 25

*Roe v. Aware Woman Ctr. for Choice,*
  253 F.3d 678 (11th Cir. 2001) ............................................................6

*Rosenberg v. City of New York,*
  2020 U.S. Dist. LEXIS 128709 (S.D.N.Y. 2020) .........................................9, 22

*Sealed Plaintiff v. Sealed Defendant #1,*
  537 F.3d 185 (2d Cir. 2008)..............................5, 6, 7, 9, 17, 18, 19, 20, 21, 24, 25

*United States v. Pilcher,*
  950 F.3d 39 (2d Cir. 2020)...............................................................23

**Federal Authorities:**

First Amendment .......................................................................5, 9, 14

FRCP Rule 10(a).......................................................................5, 20

FRCP Rule 11 ..............................................................................14

FRCP Rule 17(a)(1) .........................................................................5

Local Rule 5.2(a)(2) ......................................................................24

Local Rule 7.1(a)(2).....................................................................7, 8

Local Rule 7.1(a)(3) ................................................................................................8

Local Rule 7.1(b) ....................................................................................................8


**Other Authorities:**

Bethany Bump, *Student protest disrupts Albany High grad ceremony*, TIMES
    UNION, https://www.timesunion.com/news/article/Student-protest-disrupts-
    Albany-High-grad-ceremony-13022473.php#taboola-8 (June 24, 2018) ..............................14

Rick Karlin, *Parents protest Albany schools' handling of sexting incident*, TIMES
    UNION, https://www.timesunion.com/news/article/Parents-protest-Albany-
    schools-handling-of-13163804.php (Aug. 18, 2018)............................................................15

Rick Karlin, Albany High grads seek federal investigation, TIMES UNION,
    https://www.timesunion.com/news/article/Albany-High-grads-seeking-
    federal-help-regarding-13688522.php (Mar. 14, 2019)..........................................................12

## PRELIMINARY STATEMENT

Defendants, the Albany City School District (also sued herein as "City School District of Albany" and "City School District of Albany Board of Education") ("Albany CSD"), Lori McKenna, Dale Getto, and Anne Savage (hereinafter collectively the "School Defendants"), by and through their counsel, *Johnson & Laws, LLC*, by this Memorandum, hereby oppose Plaintiff's June 1, 2021 Motion to Proceed Under Pseudonym ("motion") (Dkt. No. 5) seeking to selectively conceal the identities of Plaintiff and select non-party witnesses. As reflected by this Court's Docket, Plaintiff commenced this action on May 27, 2021 by filing a ninety-seven (97) page Complaint that encompasses more than four-hundred and fourteen (414) paragraphs of allegations against the School Defendants (Dkt. No. 1). Plaintiff, a 2018 graduate of Albany High School ("AHS"), who has been a legal adult for more than three years before this action was commenced, advances claims that purportedly arose while she was a sixteen and seventeen-year-old high school student at AHS. All of Plaintiff's allegations originate from her eventual receipt of certain digital messages (that were unknowingly sent by third parties) on a private smart phone that Plaintiff attributes to a former infant male student (hereinafter "former male student"), which the Complaint provocatively and disingenuously refers to as the "perpetrator" (*see e.g.*, Dkt. No. 1 at ¶ 2).

As an initial matter, while Plaintiff's motion narrates a "confidentiality theory" and purports to seek the extraordinary relief to proceed under a pseudonym, Plaintiff has already publicly disclosed the initials of both her first and last names (A.S.), rather than file her Complaint under the typical anonymous legal moniker "Jane Doe" (Dkt. Nos. 1; 5). Even Plaintiff's cited authority in support of her motion evinces that plaintiffs seeking to proceed under a pseudonym must not publicly disclose their initials (*see e.g.*, Dkt. No. 5-1 at 4, 6-13; Jelinek Decl. Exs. "D" and "E"). Plaintiff's (perplexing) voluntary disclosure of her initials further demonstrates the fatal deficiencies in her motion and leaves the relief that Plaintiff seeks unclear.

In addition to the critical flaws described above, Plaintiff's motion before this Court is not only disingenuous, but is fundamentally defective as it fails to satisfy every one of the ten balancing factors established by the Second Circuit, which factors the district courts should consider in evaluating motions to proceed pseudonymously. Preliminarily, Plaintiff's motion is procedurally defective for failing to comply with numerous requirements set forth in this Court's Local Rules, as well as substantively infirm for failing to include *any* supporting evidence as to the factual allegations asserted therein. Thus, Plaintiff's motion should not be considered by this Court based upon the motion's procedural deficiencies and violations of this Court's Local Rules.

Furthermore, as indicated above, Plaintiff cannot satisfy a single one of the ten balancing factors set forth by the Second Circuit, as Plaintiff's motion completely fails to prove that: 1) her identity and the underlying facts of this case have been kept confidential to date; 2) this matter is of the "most severe" or "highest sensitivity"; 3) the School Defendants, including the individually-named School Officials, have diminished interests in protecting their personal and professional reputations; 4) this litigation does not challenge the actions of any private parties; 5) the School Defendants would not suffer prejudice by a lack of transparency; 6) Plaintiff will suffer retaliatory physical or mental harm; 7) Plaintiff will suffer "other" severe harms; 8) Plaintiff is "particularly vulnerable" to the "harms" created by transparency; 9) the public interest is not furthered by transparency; and 10) a lack of any less drastic/alternative mechanisms to complete anonymity. In light of the above, Plaintiff has clearly failed to satisfy the very high burden invoked by the extraordinary relief requested in her instant motion.

## BRIEF STATEMENT OF FACTS

As evidenced by Plaintiff's submissions, while Plaintiff attempts to advance the narrative of desiring to "protect" unnamed individuals in this action, the allegations in Plaintiff's Federal

Complaint directly undermine this suggested proposition. In fact, rather than safeguard these private individuals' identities and their personal and professional reputations, it is axiomatic that Plaintiff's more than four-hundred and fourteen (414) paragraph Complaint incorporates dozens of allegations that are entirely immaterial to Plaintiff's causes of action, and are solely asserted to embarrass, harass, and disparage these private parties. For example, allegations regarding these private parties' prior occupations, position transfers, job responsibilities, probationary periods, job performances, salaries, "experiences" in the court system in completely unrelated cases, personal feelings, personal interactions, and personal relationships, are clearly irrelevant to Plaintiff's claims and serve no purpose other than to embarrass and ridicule the individuals whom Plaintiff and her parents have contentious relationships with (e.g., Dkt. No. 1 at ¶¶ 19-38). The inclusion of these superfluous allegations—to achieve Plaintiff's and her parents' ancillary objective of degrading and embarrassing these private parties—should not be entertained by this Court.

In addition, Plaintiff's professed notion that she has kept the identities of these private parties—particularly, the former male student and his mother—confidential is both disingenuous and demonstrably false. For one, Plaintiff repeatedly and gratuitously refers to the former infant male student as being a "perpetrator" and the son of the "School Board President, S.A." (*id.* at ¶¶ 60, 98, 107, 121, 129, 323). Obviously, it is effortless for anyone to ascertain the identity of the only person who held the School Board President position (even if her initials were *not* publicly provided by Plaintiff, which they are) at the time of the alleged events (*id.* at ¶¶ 95, 100-102, 107 121, 129, 135, 323). In turn, it is likewise effortless for the public to determine the identity of the former male infant student, whom Plaintiff has explicitly exposed by gratuitously identifying, *inter alia*, his mother and his mother's position at the Albany CSD, text messages between him and his friends, what classes he attended, what extracurricular activities he was engaged in, his future

3

college plans, where he worked, who his friends were, who he communicated with, and what he did both inside and outside of school (*id.* at ¶¶ 62, 75, 81, 98, 257, 272, 277, 296, 359; Dkt. No. 14 at 1). In fact, Plaintiff admits that identification of School Board President, S.A., "*would reveal the identity of the alleged Perpetrator [i.e., the former infant male student]*," which Plaintiff's Complaint has already done (Dkt. No. 1 at 5 n.2). These immaterial allegations above, coupled with Plaintiff's strategic use of hyperbolic and provocative language, reveal that the only identities Plaintiff strives to keep confidential are the selective identities of herself and her parents.

Further belying Plaintiff's alleged "confidentiality" narrative, it is an undisputed fact that it was *Plaintiff and her parents* who voluntarily elected to include the purported actions, observations, and experiences of multiple witnesses and minor third-party students in Plaintiff's Federal Complaint; advancing extensively detailed allegations on behalf of these individuals that are wholly irrelevant to Plaintiff's causes of action (*see e.g., id.* at ¶¶ 76, 109, 154, 159, 182, 184, 190-92, 202-04, 231, 237, 288, 292, 297). Plaintiff's gratuitous inclusion of these unnecessary third-parties' alleged observations, feelings, interactions, and communications, further exemplifies Plaintiff's self-serving objective to conceal only selective identities—i.e., the identities of Plaintiff and her parents—while Plaintiff goes to extraordinary lengths to vilify and disparage private parties and non-parties whose positions do not align with Plaintiff's alleged "story."

In further contradiction to Plaintiff's "confidentiality" theory, it is evident from Plaintiff's submissions that Plaintiff has publicly discussed her "story" with multiple classmates, parents, witnesses, and third parties from the Albany CSD community, as Plaintiff would otherwise not be aware of the elaborate details that Plaintiff voluntarily alleges, on these parties' behalf, in Plaintiff's Complaint (*see id.*). Illustrative of this fact is Plaintiff's and her parents' collaboration with former Albany CSD Board of Education ("BOE") member, Kenneth Bruce, whom Plaintiff

4

admits in her Complaint had publicly discussed Plaintiff's "story" during the BOE's public meeting on November 2, 2017 (*id.* at ¶ 142; Jelinek Decl. at ¶ 3; *see also* Ex. "A" at ¶¶ 124-142). In light of the above, Plaintiff and her parents' current attempt to hide behind a cloak of anonymity, while simultaneously having paraded an extremely public campaign against the School Defendants for more than *four years* now, must fail as both a matter of fact and law. Accordingly, this Court should deny Plaintiff's motion to proceed anonymously in all respects.

<u>**LEGAL STANDARD**</u>

The Federal Rules of Civil Procedure ("FRCP") make clear that Plaintiff's present motion to proceed under pseudonym cannot succeed as a matter of law. FRCP Rule 10(a) provides that "[t]he title of the complaint *must* name all the parties." Similarly, FRCP Rule 17(a)(1) mandates that "[a]n action *must* be prosecuted in the name of the real party in interest." The Second Circuit has recognized these Rules as serving "the vital purpose of facilitating public scrutiny of judicial proceedings, and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). Further, this Court has recently reiterated the long-standing principal that the public has a fundamental constitutional right to know the identities of parties involved in judicial proceedings, and "[t]he use of fictitious names or pseudonyms to replace the true identities of litigants runs afoul of the public's common law right of access . . . a right that is supported by the First Amendment." *Doe v. Syracuse Univ.*, 2018 U.S. Dist. LEXIS 154899, *6-7 (N.D.N.Y. 2018). "[B]asic fairness dictates that plaintiffs who publicly accuse defendants in civil suits must sue under their real names." *Pierre v. County of Broome*, 2006 U.S. Dist. LEXIS 108918, *4 (N.D.N.Y. 2006) (internal citations omitted). In that regard, it is well-settled that "[a] party seeking to proceed under pseudonym bears a heavy burden." *Doe v. Smith*, 2019 U.S. Dist.

LEXIS 205707, *1 (N.D.N.Y. 2019); *see also Doe v. Townes*, 2020 U.S. Dist. LEXIS 83550, *1-2 (S.D.N.Y. 2020) (holding same).

In 2008, the Second Circuit in *Sealed Plaintiff v. Sealed Defendant #1* established the standard governing the use of pseudonyms in civil litigation within this Circuit. *See Sealed Plaintiff*, 537 F.3d at 189. In articulating this standard, the Second Circuit concluded that the balancing test that it established ultimately ascertains whether the plaintiff has such a substantial and extraordinary privacy right in anonymity that it "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (citing *Roe v. Aware Woman Ctr. for Choice*, 253 F.3d 678, 685 (11th Cir. 2001)).

In defining the above standard, the Second Circuit set forth ten (10) non-exhaustive factors that should be analyzed by the district courts when evaluating motions to proceed under pseudonym, which factors are the following: 1) whether the litigation involves matters that are highly sensitive and of a personal nature; 2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent non-parties; 3) whether identification presents other harms and the likely severity of those harms; 4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; 5) whether the litigation is challenging the actions of the government or that of private parties; 6) whether the defendant would be prejudiced by allowing the plaintiff to pursue his claims anonymously; 7) whether the plaintiff's identity and the underlying facts have thus far been kept confidential; 8) whether the public's interest in the litigation is furthered by transparency; 9) whether, because of the purely legal nature of the issues presented, there is an atypical weak public interest in knowing the litigants' identities; and 10) whether there are any less drastic/alternative mechanisms for protecting the confidentiality of the plaintiff. *Sealed Plaintiff*, 537 F.3d at 190.

Contrary to Plaintiff's contentions, analysis of the ten aforementioned "*Sealed Plaintiff* factors" weighs heavily in favor of transparency and compels the disclosure of Plaintiff's identity for a multitude of reasons. In fact, as the School Defendants fully explain herein, every one of the ten factors established by the Second Circuit significantly favor the School Defendants' position. Accordingly, based upon all of the arguments that the School Defendants underscore herein, Plaintiff's motion to proceed under a pseudonym must be denied as a matter of law.

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S MOTION VIOLATES MULTIPLE SUBSECTIONS OF THIS COURT'S LOCAL RULE 7.1 AND LACKS ANY EVIDENTIARY SUPPORT FOR THE FACTUAL CONTENTIONS ALLEGED THEREIN**

Plaintiff's motion must be denied for failing to comply with numerous requirements set forth in this Court's Local Rules. For one, Local Rule 7.1(a)(2) mandates that, prior to Plaintiff filing her present non-dispositive motion before the Court, Plaintiff was required to confer with counsel for all parties to address the issue of Plaintiff proceeding under pseudonym in this case; a requirement that Plaintiff did not satisfy. Second, Plaintiff's motion further violates Local Rule 7.1's requirement that "*[i]f, after conferring, the parties are unable to arrive at a mutually satisfactory resolution, the party seeking relief must then request a court conference with the assigned Magistrate Judge. A court conference is a prerequisite to filing a non-dispositive motion before the assigned Magistrate Judge.*" L.R. 7.1(a)(2) (emphasis added). As the record before this Court confirms, not only was the mandatory pre-motion conference never conducted with respect to the Complaint that Plaintiff filed in this action (Dkt. No. 1), but Plaintiff failed to even request any such conference before this Court—which request is a *prerequisite* for Plaintiff to obtain permission/advance her non-dispositive motion to proceed under pseudonym. *See e.g.*, L.R. 7.1(a)(2); *Doe v. Putnam Cty.*, 344 F. Supp. 3d 518, 525 n.5 (S.D.N.Y. 2018); *Doe v. Hofstra*

*Univ.*, 2018 U.S. Dist. LEXIS 69853, *3 (E.D.N.Y. 2018).  Third, Plaintiff has failed to include any Notice of Motion in her submissions, in further violation of Local Rule 7.1's requirement that "*[i]n the Notice of Motion, the moving party is required to set forth the date that the court conference with the Magistrate Judge was held regarding the issues being presented in the motion.*"  L.R. 7.1(a)(2) (emphasis added).  In accordance with this Court's Local Rule 7.1(a)(3), "*[t]he Court shall not consider any papers required under this Rule that are not timely filed or are otherwise not in compliance with this Rule. . .*" (emphasis added).  As such, this Court should reject the instant motion based upon Plaintiff's undisputed failures to comply with all of the prerequisites that are clearly set forth in this Court's Local Rules.

In addition to the above, Plaintiff's motion violates Local Rule 7.1(b), which explicitly provides that "*all motions and opposition to motions require a memorandum of law, supporting affidavit when necessary to establish and provide factual and procedural background relevant to the motion, and proof of service on all the parties.*" (emphasis added).  As demonstrated by Plaintiff's submissions to this Court, Plaintiff's motion is completely devoid of any affidavit, declaration, or evidentiary support (from either Plaintiff, Plaintiff's counsel, or any third-party) for the factual contentions asserted in Plaintiff's motion (Dkt. No. 5).[1]  The complete absence of any evidence in support of the extraordinary relief that Plaintiff requests is fatal to Plaintiff's motion before this Court.  *See Rapp v. Fowler*, 2021 U.S. Dist. LEXIS 84214, *5 (S.D.N.Y. 2021) (demonstrating the importance of courts evaluating supporting declarations when considering motions to proceed under pseudonym); *Doe v. Smith*, 2001 U.S. Dist. LEXIS 24974, *2 (E.D.N.Y. 2001) (holding same for a plaintiff's sworn affidavit); *Perry v. Goord*, 2009 U.S. Dist. LEXIS

---

[1] While such would not rectify the fundamental flaws in Plaintiff's motion to proceed under pseudonym, Plaintiff has not even executed or verified the allegations contained in her Federal Complaint (Dkt. No. 1 at 82); the sole document that Plaintiff cites to in her motion.

8

53884, **3, 5 (W.D.N.Y. 2009) (emphasizing that "[p]laintiff himself did not submit a statement in support of this motion [to proceed under a pseudonym]"); *Rosenberg v. City of New York*, 2020 U.S. Dist. LEXIS 128709, *6 (S.D.N.Y. 2020) (holding "unsupported and uncorroborated naked assertions" are insufficient in a motion to litigate anonymously).  Thus, pursuant to applicable law and Local Rules, this Court should not consider Plaintiff's defective motion.  L.R. 7.1(a)(2), (3).

**POINT II**

**PLAINTIFF'S MOTION IS FUTILE BECAUSE HER IDENTITY AND
THE IDENTITIES OF OTHER RELEVANT PARTIES HAVE NOT BEEN
KEPT CONFIDENTIAL**

Factor seven of the Second Circuit's decision in *Sealed Plaintiff* (i.e., whether the plaintiff's identity has thus far been kept confidential) compels the denial of Plaintiff's motion before this Court.   Contrary to Plaintiff's contentions, there are numerous records (which extensively discuss and analyze both the events giving rise to the alleged claims, as well as the nature of the asserted allegations) that are already in the public domain and which identify the full names of Plaintiff, Plaintiff's father, and Plaintiff's mother (as well as the former male student and School Board President, S.A., who Plaintiff attempts to vilify in her prolix Complaint).  Further fatal to Plaintiff's motion, the majority of these records identifying the full names of these parties have remarkably been *publicly disseminated by Plaintiff, Plaintiff's parents, and Plaintiff's current litigation counsel (see* Jelinek Decl. at ¶ 3; Exs. "B" and "F").  Moreover, Plaintiff's Complaint recounts widespread publications of Plaintiff's grievance regarding the text messages of the former infant male student at AHS through: 1) a citizen speaking publicly about Plaintiff's grievances during a November 2, 2017 BOE meeting, which publication forms the basis for Plaintiff's First Amendment claim (Dkt. No. 1 ¶¶ 298-312); 2) the public protest at the AHS graduation which Plaintiff alleges included five-hundred (500) students, who were prompted by

Plaintiff's grievance, which protest was reported on and published by the news media (Dkt. No. 1 ¶¶ 355-357); and 3) the New York State Commissioner of Education ("State Commissioner") Appeal that Plaintiff and her father filed back in early 2018, and subsequently submitted *opposition papers* to Albany CSD's request to keep the names of the minor AHS students confidential (Dkt. No. ¶¶ 322-26, 332-33, 338-40; Jelinek Decl. at ¶ 3). Undisputed evidence that Plaintiff's story and identity have not been kept confidential for years now is yet another fundamental defect warranting the denial of Plaintiff's motion.

This Court, and other courts within this Circuit, have denied motions to proceed under pseudonym on grounds of futility where there was a related state court action pending and the plaintiff's identity and/or the relevant events were not kept confidential in that related state court proceeding. *Doe v. Berg*, 2016 U.S. Dist. LEXIS at *7; *Pierre*, 2006 U.S. Dist. LEXIS 108918 at *3-5 (holding "an individual cannot expect to have a constitutionally protected privacy interest in matters of public record."). Further, when members of the public and/or news media are aware of a plaintiff's identity and the germane events alleged (as is the case in this litigation), a plaintiff's motion to proceed under pseudonym must be denied. *Doe v. Weinstein*, 484 F. Supp. 3d 90, 97 (S.D.N.Y. 2020) ("[C]ourts have swiftly rejected motions to proceed under a pseudonym where the plaintiff's identity was already known to the press."). Publications (albeit conveyed under a pseudonym) detailing a plaintiff's experiences also significantly militate against a plaintiff's ability to proceed anonymously in civil court. *Andersen v. North Shore Long Island Jewish Healthcare System's Zucker Hillside Hosp.*, 2013 U.S. Dist. LEXIS 28602, *9 (E.D.N.Y. 2013).

Additionally, courts have made clear that a plaintiff's claims that their identity will invoke press or media attention leading to humiliation or embarrassment are not sufficient to prevail on a motion to proceed under a pseudonym. *See Doe v. Syracuse Univ.*, 2018 U.S. Dist. LEXIS 154899,

*16 (N.D.N.Y. 2018) (holding "[t]he social stigma, embarrassment, and economic harm that could result from being identified in a lawsuit are not grounds for permitting a party to proceed anonymously."); *Doe v. Berg*, 2016 U.S. Dist. LEXIS 198309, *7 (S.D.N.Y. 2016) (holding same); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (holding "[s]uch claims of public humiliation and embarrassment, however, are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously."). Therefore, in light of all the facts described herein, Plaintiff's motion to proceed under a pseudonym must be denied as a matter of law.

More specifically, the public records bearing the full names of Plaintiff, Plaintiff's father, and Plaintiff's mother, as well as the details of the relevant events, include the following: 1) Plaintiff's father's February 4, 2018 Petition ("Petition"), submitted on Plaintiff's behalf, to the State Commissioner, concerning the same allegations asserted in the Complaint (Dkt. No. 1); 2) a State Court Complaint that was publicly filed by S███ A███, on June 1, 2021 ("State Court Complaint"), against Plaintiff and her parents in the New York State Supreme Court, New York County ("State Supreme Court"), in a related state court proceeding; 3) a Summons and three separate Affidavits of Service, served upon Plaintiff and her parents in the related State Court Complaint; and 4) Plaintiff's counsel's various June 11, 2021 and June 16, 2021 filings in support of an Order to Show Cause ("OTSC") in the related State Court Complaint (Jelinek Decl. at ¶ 3; Exs. "A," "B," and "F"). As further analyzed below, all of the above-referenced, publicly available records demonstrate that Plaintiff's identity as it relates to her present allegations against the School Defendants has clearly not been kept confidential. As such, Plaintiff's motion before this Court is moot and should be denied on grounds of futility.

First, with respect to Plaintiff's Petition to the State Commissioner, Plaintiff's father (on Plaintiff's behalf) appealed Albany CSD's January 5, 2018 determination that the former male

student's alleged conduct did not violate DASA (Jelinek Decl. at ¶ 3). The Petition alleged claims regarding purported gender-based bullying and harassment against Plaintiff by the former male student, and Albany CSD's allegedly inadequate response to same (i.e., the same claims asserted in Plaintiff's Complaint) (*id.*; Dkt. No. 1). As the record evidence confirms, Plaintiff's Petition not only identified Plaintiff's and Plaintiff's father's full names in the caption, but both Plaintiff and Plaintiff's father elected to sign and notarize the Petition to the State Commissioner using their full names (Jelinek Decl. at ¶ 3). Remarkably, Plaintiff and her father actually *opposed* the Albany CSD's request to the State Commissioner for a Confidentiality Order on behalf of the minor AHS students implicated in Plaintiff's Appeal, but now disingenuously attempt to categorize this request as a "gag order" by the School Defendants in the Complaint (*see* Jelinek Decl. at ¶ 3; *see also* Dkt. No. at ¶ 333). Further contrary to Plaintiff's "confidentiality" narrative, Plaintiff and her father's Appeal to the State Commissioner, including their opposition to Albany CSD's requested Confidentiality Order, was reported on and published by the *Times Union*.[2] The hypocrisy of Plaintiff's motion, after she and her father *opposed* the Albany CSD's request that the State Commissioner keep the identity of minor students private, also serves to highlight the significance of Plaintiff's failure to submit evidence in support of her motion, while making factual arguments.

Second, regarding the State Court Complaint referenced above, such State Court Complaint likewise identifies the full names of Plaintiff, Plaintiff's father, Plaintiff's mother, the mother of the former male student, S███ A███ (plaintiff in the State Court Complaint), as well as other non-party witnesses (*see generally* Ex. "A"). The full names of every party noted above have already been filed on the State Supreme Court's public docket and are publicly available to any person

---

[2] *See* Rick Karlin, Albany High grads seek federal investigation, TIMES UNION, https://www.timesunion.com/news/article/Albany-High-grads-seeking-federal-help-regarding-13688522.php (Mar. 14, 2019).

with access to the internet (*see id.*). Moreover, the State Court Complaint directly involves the same set of facts and events that are at issue in Plaintiff's Federal Complaint (Dkt. No. 1).

Third, and perhaps most crucial, are Plaintiff's counsel's June 11, 2021 and June 16, 2021 OTSC papers that were filed on the public docket in the State Supreme Court (Exs. "B" and "F"). Remarkably, to date, Plaintiff's submissions to the State Supreme Court include the following documents *that each publicly identify Plaintiff's, Plaintiff's father's, and Plaintiff's mother's full names*: 1) Plaintiff's counsel's Request for Judicial Intervention ("RJI"); 2) Plaintiff's counsel's Proposed OTSC; 3) Plaintiff's counsel's Attorney Affirmation; 4) Plaintiff's counsel's Notice of Entry of the OTSC; 5) Plaintiff's counsel's attachment to the Notice of Entry; and 6) Plaintiff's counsel's Affirmation of Service of the Notice of Entry (*see* Exs. "B" and "F"). Contrary to Plaintiff's representations to this Court in Plaintiff's June 16, 2021 letter and "supplement" (Dkt. Nos. 14; 14-1), Plaintiff and her parents' full names are *currently available to the public* in all of the aforementioned papers. Plaintiff's and her parents' full names were also publicly filed on the Summons and on three separate Affidavits of Service in the State Supreme Court (Ex. "F"). Finally, the State Supreme Court issued an OTSC on June 16, 2021, which likewise currently and publicly bears the full names of Plaintiff and her parents (Exs. "B" and "F").

As previously indicated, Plaintiff's prolix Complaint includes a seemingly endless series of allegations about students other than Plaintiff who Plaintiff and/or Plaintiff's parents communicated with about Plaintiff's grievances and to whom Plaintiff chose to republish the text messages and underlying facts which prompted her one and only DASA complaint. *See e.g.*, Dkt. No. 1 ¶¶ 69-72, 75-81, 85-86, 91-92, 125-134, 140-143, 167-177, 179-181, 202-204, 211-214, 229-230, 254-257. While it is difficult to identify any legitimate purposes for this litany of collateral allegations, to the extent that they have been included in Plaintiff's Complaint under

Rule 11 of the FRCP, these allegations nevertheless demonstrate a widespread rumor mill between Plaintiff and the AHS community.  Likewise, Plaintiff's attempt to "take credit" for Kenneth Bruce's public comments at the November 2017 BOE meeting—upon which Plaintiff bases her retaliation claim under the First Amendment (*see* Dkt. No. 1 ¶¶ 298-312)—further acknowledges the public's awareness of Plaintiff's grievance and the underlying facts at issue.

Finally, Plaintiff's motion acknowledges that her identity has not been kept confidential for *more than four (4) years now* (i.e., since May 2017 when Plaintiff first communicated with the Albany CSD regarding the former male student's text message) (Dkt. No. 1 ¶ 185).  To that end, Plaintiff's motion concedes that Plaintiff's "local community" was already aware of "at least some of the allegations set forth in the Complaint and some of the identities of the minor students involved during the course of the events . . ." (Dkt. No. 5-1 at 12).  Furthermore, the Complaint advances several factual allegations supporting the fact that Plaintiff's identity (as well as the identity of Plaintiff's parents and the former infant male student) have long been divulged and known by the *Times Union* who, according to Plaintiff, obtained statements and evidence from the parties (which even included video footage), and reported on and published several news stories concerning the events alleged in Plaintiff's Complaint (Dkt. No. 1 at ¶¶ 4, 357, 358, 361, 363, 381, 397(m); *see also* Ex. "A" at ¶¶ 162-166).[3]  In fact, certain news articles published by the *Times Union, dating back to 2018*, describe Plaintiff and her parents' grievance to AHS in which Plaintiff and her parents affirmatively allege prompted a public protest by five-hundred (500) students at the AHS graduation ceremony (*see id.*).  Remarkably, these news stories even quote the actual text messages that Plaintiff had sent to the former male student concerning the allegations in the

---

[3] *See* Bethany Bump, *Student protest disrupts Albany High grad ceremony*, TIMES UNION, https://www.timesunion.com/news/article/Student-protest-disrupts-Albany-High-grad-ceremony-13022473.php#taboola-8 (June 24, 2018).

Complaint (Ex. "A" at ¶ 181).[4]   Of course, Plaintiff has also continued to publicize the details of

these text message exchanges (and more) by annexing them to her Complaint (Dkt. No. 1 at Exs.

"A" – "C").  In light of the above, Plaintiff's motion before this Court is moot and must be denied.

**POINT III**

**PLAINTIFF'S CHARACTERIZATION OF THE "HIGH SENSITIVITY"
OF THIS ACTION IS DISINGENUOUS**

While Plaintiff's motion is riddled with purely hyperbolic terms and phrases (e.g.,

identifying the former male student as a "perpetrator" and using demonstrably false language such

as "rape narrative" and "violent rape"), the facts in this action fall far short of even remotely

constituting what courts have held are sufficient to warrant a plaintiff to litigate anonymously (Dkt.

No. 5-1 at 3, 6-7).  In fact, courts have repeatedly denied plaintiffs' motions to proceed under

pseudonym in cases which involve purported conduct that was significantly more serious than the

private text message that Plaintiff was shown on a smart phone from Plaintiff's female classmate

(*not* from the former infant male student) in the instant action.  *See e.g.*, *Doe v. Del Rio*, 241 F.R.D.

154, 159-160 (S.D.N.Y. 2006) ("[A]nonymous pleading has frequently been rejected in cases

alleging sexual assault.") (citing collection cases); *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401,

405 (S.D.N.Y. 2019) ("[A]llegations of sexual assault, by themselves, are not sufficient to entitle

a plaintiff to proceed under a pseudonym.") (citing collection cases); *Rapp*, 2021 U.S. Dist. LEXIS

84214 at *10 ("Importantly, however, allegations of sexual assault, by themselves, are not

sufficient to entitle a plaintiff to proceed under a pseudonym.").

Critical to the present action, it is undisputed that Plaintiff was *never* a victim of rape or

any sexual assault by the former infant male student.  In fact, Plaintiff's four-hundred and fourteen

---

[4] *See* Rick Karlin, *Parents protest Albany schools' handling of sexting incident*, TIMES UNION, https://www.timesunion.com/news/article/Parents-protest-Albany-schools-handling-of-13163804.php (Aug. 18, 2018).

(414) paragraphs of allegations do not include a single allegation that Plaintiff was ever touched in a sexual manner or threatened by the minor student she labels as a "perpetrator" (*see generally* Dkt. No. 1).   Despite Plaintiff's attempted exploitation of manufactured labels and provocative phrases, the alleged "actions" of the former male student merely consisted of the following: 1) "inappropriate" text messages from the former male student, which the former male student never sent to Plaintiff or any of Plaintiff's friends; 2) the former male student walking near Plaintiff in the school hallway and entering his own English class early; 3) the former male student "swearing" at Plaintiff and "taking over the school piano" while both parties were attempting to practice; 4) the former male student standing behind Plaintiff during the school's choral performance in which both Plaintiff and the former male student were participating; and 5) the former male student walking by Plaintiff on the school's football field, where the former male student worked (Dkt. No. 1 at ¶¶ 55-60, 63, 144, 209-210, 266-267, 280, 318).  None of the above allegations even remotely constitute sexual assault or sexual misconduct (*see id.*).  Further, the related State Court Complaint corroborates the incontrovertible fact that Plaintiff was never a "victim" who was sexually assaulted or harassed by the infant male student who Plaintiff disingenuously identifies as the "perpetrator. *See* Ex. "A" at ¶¶ 95-106 (stating, *inter alia*, that Plaintiff and Plaintiff's parents "knew that [Plaintiff] was not a victim of sexual harassment.").  Simply stated, the factual allegations asserted in Plaintiff's Complaint do not invoke matters of the "highest sensitivity" that would warrant the extraordinary relief that Plaintiff seeks in her motion.

The authority that Plaintiff relies upon in support of her motion is likewise misconstrued and actually supports transparency in this action.  For example, Plaintiff's cited case of *B.B. v. The New School*, No. 1:17- cv-8347 (S.D.N.Y. 2018) involved a plaintiff who sought to proceed anonymously after his University (i.e., The New School) substantiated sexual assault allegations

against him and suspended him from the University for one year (Jelinek Decl. Ex. "C"). Further, the court in *B.B. v. The New School* never issued any decision articulating the grounds by which the plaintiff was permitted to proceed anonymously. In *John Doe v. Columbia Univ.*, No. 1:14-cv-3573 (S.D.N.Y. 2014), while the court issued a temporary grant for the plaintiff to proceed pseudonymously, the defendants filed a subsequent letter stating that *the defendants did not oppose plaintiff's requested relief*; thus, there was no reason for the court to issue a decision on such motion (Jelinek Decl. Ex. "D"). Lastly, while Plaintiff cites to *Doe v. Weill Cornell Med. Coll. Of Cornell Univ.*, No. 1:16-cv-3531 (S.D.N.Y. 2016) in support of her case, the court's decision by which it temporarily granted the *pro se* plaintiff's motion to proceed anonymously, *inter alia, was sealed by the court* (Jelinek Decl. Ex. "E"). Plaintiff is therefore disingenuously relying upon legal authority for "support" that is not actually contained in the record.

Finally, Plaintiff's reliance on *Rapp v. Fowler* is likewise disingenuous. Contrary to Plaintiff's contentions, *Rapp v. Fowler*, decided just last month, provides unequivocal support for transparency in this case. In *Rapp v. Fowler*, the plaintiffs' motions to proceed under pseudonym were "denied in all respects" despite the serious allegations involving sexual abuse and assault of minors. *Rapp*, 2021 U.S. Dist. LEXIS 84214, *21. The court in *Rapp v. Fowler* underscored the "important" fact that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Id.* at *10. As such, Plaintiff's explicit representations that the recent decision in *Rapp v. Fowler* supports her position borders on absurd. Accordingly, the first factor in *Sealed Plaintiff* similarly weighs in favor of the School Defendants.

<u>POINT IV</u>

**PLAINTIFF'S THEORY THAT THE INDIVIDUALLY-NAMED SCHOOL
DISTRICT OFFICIALS HAVE DIMINISHED INTERESTS IN
PROTECTING THEIR REPUTATIONS BELIES WELL-SETTLED LAW**

Factor five in *Sealed Plaintiff* (i.e., whether the suit challenges the actions of the government or that of individual parties) heavily supports transparency in this action. Contrary to Plaintiff's suggestions, this Court has made clear that "it would go against 'basic fairness' to allow a [p]laintiff to hide behind her anonymity and require [d]efendants to defend themselves against the allegations publicly, when their personal and professional reputations are at stake." *Pierre*, 2006 U.S. Dist. LEXIS 108918 at *5. As Plaintiff acknowledges, Plaintiff has elected to sue multiple individually-named School Defendants (i.e., Lori McKenna, Dale Getto, Anne Savage, and Jeffrey Honeywell) all in their individual capacities (Dkt. Nos. 1 and 5-1 at 11). To that end, notwithstanding Plaintiff's strategic allegations about which Defendants Plaintiff now characterizes as the "main Defendants" in this action, Plaintiff and her counsel have, in fact, sued two private parties (i.e., Attorney Jeffrey Honeywell and retired AHS administrator Dale Getto) and have also chosen to sue two school officials (i.e., Anne Savage and Lori McKenna), seeking punitive damages from all these parties (Dkt. No. 1 at ¶¶ 10-13; p. 79(b); Dkt. No. 5-1 at 11).

Akin to this Court's holding in *Pierre*, Plaintiff "has made allegations against private individuals in a public record, which could potentially harm their personal and professional reputations." *Pierre*, 2006 U.S. Dist. LEXIS 108918 at *5. As such, Plaintiff cannot be permitted to conceal her identity while simultaneously advancing serious claims against the individually-named School Defendants—claims that hold the potential to damage these individual parties' personal and professional reputations, as well as their livelihoods and careers (Dkt. No. 5-1 at 11); *Doe v. Shakur*, 164 F.R.D. at 361 (denying plaintiff's motion to proceed anonymously and holding

18

that the individually-named defendant "would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity."). Importantly, Plaintiff and her counsel include numerous collateral and immaterial allegations in the Complaint about these individually-named private parties for the apparent sole purpose of embarrassing or disparaging them, since none of these collateral allegations support the claims asserted in the Complaint (Dkt. No. 1 ¶¶ 24-28, 31, 178). Thus, factor five in *Sealed Plaintiff* supports transparency and compels the denial of Plaintiff's motion.

## POINT V

### ALBANY CITY SCHOOL DISTRICT WOULD SUFFER SIGNIFICANT PREJUDICE IF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM WAS GRANTED

Plaintiff's conclusory argument that the School Defendants will not suffer any prejudice from Plaintiff's anonymity is demonstrably false. In considering the sixth factor in *Sealed Plaintiff*, courts have examined, *inter alia*, the reputational damage to the defendants, the fundamental fairness of the judicial proceeding, and the difficulties in conducting discovery. *See e.g., Rapp*, 2021 U.S. Dist. LEXIS 84214 at *16. Here, the reputational damage that the School Defendants and the individually-named school officials would suffer is axiomatic (*see supra* POINT IV). With respect to the fairness of the proceeding, it is well-settled that "[t]here is prejudice against a defendant when a defendant is 'required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity.'" *Doe v. Townes*, 2020 U.S. Dist. LEXIS 83550, at *15 (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015)). Courts have recognized that reputational damage and prejudice to defendants are extremely high in cases where allegations of sexual harassment are alleged. *Doe v. Townes*, 2020 U.S. Dist. LEXIS 83550, at *16 ("Fairness requires that plaintiff be prepared to stand behind

her charges publicly because plaintiff has made serious charges."). As such, factor nine in the balancing test also weighs in favor of transparency, as this case is clearly not a matter of "the purely legal nature of the issues," but an action that describes many separate and distinct events that could severely impact these individually-named parties' lives, as well as their personal and professional reputations and the reputations of their families. *Sealed Plaintiff*, 537 F.3d at 190.

In the present case, it is indisputable that Albany CSD and the individually-named School Defendants will suffer prejudice if they remain named-defendants in this action while Plaintiff anonymously advances serious claims against them involving sexual harassment, sexual misconduct, and the individually-named Albany CSD officials' purported failure to investigate and/or rectify same. Moreover, the School Defendants will further be prejudiced if Plaintiff's motion were granted since, contrary to Plaintiff's contentions, the School Defendants and their counsel do not know who each of the parties are who are only identified in Plaintiff's Complaint as "Witnesses" 1, 2, 3, 4, and 5, as well as "Student Victims" 2, 3, and 4 (Dkt. No. 1 at ¶¶ 109, 154, 159, 182, 184, 190-92, 202-04, 231, 237, 288, 292, 297). The School Defendants' rights to be put on notice of what they are accused of doing is not only embodied in Rule 10(a) of the FRCP, but is a matter of basic due process. Plaintiff's attempt to preclude the School Defendants from knowing the full nature of the public allegations that Plaintiff has advanced against them most certainly prejudices the School Defendants' ability to investigate the facts and allegations, evaluate Plaintiff's claims, and defend their reputations in the wake of this four-hundred and fourteen paragraph Complaint of allegations that Plaintiff and her counsel have made public. Because of Plaintiff's failure to identify these alleged parties, it could take many months (or longer) for the School Defendants to communicate with any of these unidentified individuals and, even after discovery commences (presuming the School Defendants are even provided with the relevant

information during such time), the School Defendants will have inevitably lost vital opportunities to conduct prompt investigations, ascertain and preserve germane documents, and communicate with witnesses while the witnesses are readily able to recall the pertinent facts in this case. Even prior to discovery, the School Defendants' ability to respond to the Complaint—which leaves them guessing about what events Plaintiff is alleging—prevents the School Defendants from fully comprehending Plaintiff's claims, and thus responding to the Complaint. It is thus unquestionable that the School Defendants will be significantly prejudiced by a lack of transparency.

In fact, Plaintiff's motion papers demonstrate that the School Defendants would be prejudiced by Plaintiff pursuing her claims pseudonymously, as Plaintiff even acknowledges in her motion papers that the School Defendants would be left to guess "*who could have been present for which events described in the Complaint.*" (Dkt. No. 5-1 at 10). Moreover, while Plaintiff's motion focuses primarily on the School Defendants knowing Plaintiff's identity, Plaintiff ignores the fact that the School Defendants are not aware of the identity of all of the multiple anonymous "Witnesses" and "Student Victims" mentioned throughout Plaintiff's Complaint (*see id.* at 10-11). As such, it is clear that the sixth *Sealed Plaintiff* factor weighs significantly in favor of transparency and further compels the denial of Plaintiff's motion. *See e.g.*, *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d at 407 (holding that in a case alleging sexual harassment, "*[a]llowing Plaintiff to proceed anonymously would disadvantage Defendants at all stages of litigation.*") (emphasis added).

## POINT VI

### PLAINTIFF HAS FAILED TO PROVE THAT SHE WILL SUFFER RETALIATORY HARM BY DISCLOSURE OF HER IDENTITY

Factors two, three, and four in *Sealed Plaintiff* further confirm that Plaintiff's motion before this Court must be denied. To that end, Plaintiff merely argues in conclusory fashion that her identity "would *potentially* subject her to humiliation, the risk of public disapproval, and further

21

emotional distress." (Dkt. No. 5-1 at 7-8). These purely speculative and unsubstantiated claims clearly cannot stave off dismissal of Plaintiff's legally infirm motion. *See e.g.*, *Rosenberg*, 2020 U.S. Dist. LEXIS 128709, *6; *Doe v. Shakur*, 164 F.R.D. at 362 (holding "claims of public humiliation and embarrassment, however, are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously.") (citing *Doe v. University of Rhode Island*, 1993 U.S. Dist. LEXIS 19257, **3, 7 (D. RI. 1993) [holding that student who was sexually assaulted allegedly as a result of the university's negligence was not permitted to proceed under pseudonym, despite claims of danger of personal embarrassment and ridicule]). However, these unsubstantiated conclusory arguments once again highlight the significance of Plaintiff's failure to submit any evidence to support her motion. Plaintiff has also failed to address how the hypothetical risk of public ridicule Plaintiff fears is any different from the concerted strategy to advance dozens and dozens of allegations that serve no purpose other than attempting to embarrass, ridicule, and demean the School Defendants, Attorney Jeffrey Honeywell, and multiple non-parties. Further, Plaintiff's purported "fear" that "certain persons who are aware of her identity have issued [] threats" is demonstrably false and illogical (Dkt. No. 5-1 at 8). For one, Plaintiff has not (and cannot) alleged that any School Defendants ever threatened Plaintiff (or Plaintiff's parents) in any way[5] (*id.*; Dkt. No. 1 at ¶ 4). Plaintiff's allegations of alleged "harm" are therefore frivolous.

---

[5] The sole contention that the AHS Vice Principal—who is not even a named-defendant in this case—purportedly told Plaintiff, *in June 2017*, to "watch out" for a third-party is plainly not a threat, nor could such alleged statement ever constitute sufficient grounds for granting Plaintiff's motion to proceed under a pseudonym in this civil litigation. *See id.*; *Rosenberg*, 2020 U.S. Dist. LEXIS 128709, *6-7 (holding that "[p]laintiff has not demonstrated any real, rather than speculative, harm if his name remains in the judicial record. The Court therefore denies Plaintiff's motion to proceed by pseudonym."); *Doe v. Weinstein*, 484 F. Supp. 3d at 96-97 ("The Court cannot accept [p]laintiff's 'mere speculation' that [defendant's] defense would not be prejudiced by the condition that he not disclose her name to the public.").

Plaintiff's failure to offer a shred of evidence is particularly fatal to her alleged fear of "potential" retaliation. For example, Plaintiff fails to inform the Court where she resides, goes to school, goes to work, the location(s) of any of the allegedly "threatening" individuals, or how any of these ostensibly threatening individuals would actually retaliate against Plaintiff (Dkt. No. 5-1 at 7-10). These facts alone are fatal to Plaintiff's argument. *See e.g.*, *United States v. Pilcher*, 950 F.3d 39, 43 (2d Cir. 2020) (affirming the district court's denial of plaintiff's motion to proceed anonymously on the basis that plaintiff's retaliation/harm allegations were mere "unsubstantiated speculation."). Moreover, Plaintiff fails to explain how her alleged subjective "fears" of "potential" retaliation can be reconciled with: 1) her widespread publications of the subject text messages; 2) her role in the AHS public graduation protest; 3) her father's Petition to the State Commissioner and subsequent *opposition* to the Albany CSD's request seeking confidentiality of the minor students; 4) her and her parents' communications and alignment with Kenneth Bruce before his November 2, 2017 public comments during the public BOE meeting; 5) her role in multiple news media stories regarding her grievances and text messages; 6) her community already knowing her identity and the underlying facts/claims advanced in her Complaint; and 7) her obvious widespread discussions with members of the AHS community about her grievance, as the Complaint is saturated with collateral allegations describing other students'/witnesses' purported observations, experiences, and actions (Dkt. No. 1 at ¶¶ 109, 154, 159, 182, 184, 190-92, 202-04, 231, 237, 288, 292, 297; Jelinek Decl. at ¶ 3).

Lastly, Plaintiff's argument regarding "potential" harm and/or retaliation is nonsensical as the argument relies solely on alleged *past events* by individuals who, as Plaintiff admits, already know her name and the underlying events (Dkt. No. 5-1 at 8). Plaintiff does not explain (nor could she justify) that she will allegedly suffer harm or retaliation from individuals who are already

aware of her identity and the underlying facts of her claims (*see id.*).  Thus, factors two, three, and

four of the *Sealed Plaintiff* balancing test strongly weigh in favor of transparency, as Plaintiff's

arguments in her motion are purely speculative, illogical, and completely unsubstantiated.[6]

**POINT VII**

**THE PUBLIC'S INTEREST IN THIS LITIGATION IS SIGNIFICANTLY
FURTHERED BY TRANSPARENCY**

Plaintiff's argument regarding the eighth *Sealed Plaintiff* factor (i.e., the public's interest

in the litigation) is meritless (Dkt. No. 5-1 at 12).  As analyzed above (*see supra* POINT III), even

assuming Plaintiff's allegations to be true, Plaintiff was never a victim of sexual assault (*see* Dkt.

No. 1 at ¶¶ 55-60, 63, 144, 209-210, 266-267, 280, 318; Ex. "A" at ¶¶ 95-106).  Plaintiff's attempt

to suggest otherwise is offensive to actual victims of sexual assault.   Moreover, contrary to

Plaintiff's contentions, courts in this Circuit have consistently found that, in cases asserting claims

of sexual misconduct or harassment, "[t]here is **great public interest** in not only the allegations

against [the defendant], but also in the identities of his accusers [i.e., the plaintiff]."   *Doe v.*

*Weinstein*, 484 F. Supp. 3d at 97 (emphasis added); *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d at

408 ("[T]he public interest in sexual assault and discrimination is *very high*.") (emphasis added).

When civil litigation encompasses "particular actions and incidents" allegedly committed

by the defendants—which is obviously applicable to Plaintiff's Complaint where she alleges

numerous, specific instances of alleged harassment by the former male student—the public has an

exceedingly strong interest in knowing the identity of the parties to the judicial proceeding.  *See*

*e.g., Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d at 408 (holding that "[h]ere, there are no abstract

questions of law at issue.   Rather, [p]laintiff alleges that she was sexually assaulted, sexually

---

[6] Plaintiff's reliance on Local Rule 5.2(a)(2) is misplaced, as Plaintiff is now a twenty-one (21)
year-old legal adult who is no longer a minor.

harassed, and subject to sexual and racial discrimination. *These issues are of the type that further the public's interest in enforcing legal and social norms.*") (emphasis added); *Rapp*, 2021 U.S. Dist. LEXIS 84214 at *19-20 (holding that, in cases involving claims of alleged sexual harassment/misconduct, "the public has a legitimate interest in knowing the underlying facts of a litigation, including the identities of the litigants."). In fact, Plaintiff's litany of allegations about Albany CSD's policies and regulations and the broad spectrum of injunctive relief that Plaintiff seeks in her Complaint (e.g., Dkt. No. 1 at ¶¶ 80-81) acknowledge the public's interest in this action. Thus, the public's interest in the litigation weighs heavily in favor of transparency.

### POINT VIII
### THERE ARE LESS DRASTIC ALTERNATIVES THAT SUPPORT TRANSPARENCY

The tenth and final factor in the *Sealed Plaintiff* balancing test likewise weighs in favor of transparency. Notably, Plaintiff failed to even address this factor in her motion (*see generally* Dkt. No. 5-1). Nevertheless, as courts have made clear, there are less drastic remedies to litigating under complete anonymity, such as redacting sensitive information or procuring a protective order. *See e.g.*, *Doe v. United States*, 2017 U.S. Dist. LEXIS 83745, *4 (S.D.N.Y. 2017); *Rapp v. Fowler*, 2021 U.S. Dist. LEXIS 84214 at *21 (citing collection cases); *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d at 408; *Doe v. Weinstein*, 484 F. Supp. 3d at 98 (holding that "[p]laintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information."). As the foregoing arguments make clear, all ten balancing factors set forth by the Second Circuit significantly weigh in the School Defendants' favor. Accordingly, Plaintiff's motion must be denied.

## CONCLUSION

WHEREFORE, the School Defendants respectfully request that: 1) Plaintiff's June 1, 2021 motion to proceed under pseudonym be denied in its entirety; and 2) for such other and further relief in the School Defendants' favor as this Court deems just and appropriate.

Dated: June 21, 2021

Respectfully submitted,

JOHNSON & LAWS, LLC

Loraine C. Jelinek (700354)

26