UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

A.S.,

                                            Plaintiff,

-against-                                        Civil Case No.:  1:21-cv-620
                                                                       (BKS/ATB)

CITY SCHOOL DISTRICT OF ALBANY; CITY
SCHOOL DISTRICT OF ALBANY BOARD OF
EDUCATION; LORI MCKENNA, in her Individual
Capacity; DALE GETTO, in her Individual Capacity;
ANNE SAVAGE, in her Individual Capacity;
JEFFREY HONEYWELL, in his Individual Capacity,

                                            Defendants.

---

## PROTECTIVE ORDER ON STIPULATION

      WHEREAS, Plaintiff, A.S., (hereinafter "Plaintiff") and Defendants, the City School District of Albany (hereinafter "CSDA"),[1] Lori McKenna, Dale Getto, and Anne Savage (hereinafter collectively "Defendants") (hereinafter respectively referred to as a "party" and collectively referred to as the "parties"), are identified as the parties in the above-captioned action that was commenced by Plaintiff, through the filing of Plaintiff's May 27, 2021 Federal Complaint (hereinafter "Complaint") (ECF No. 1), with the United States District Court for the Northern District of New York (hereinafter "Court"); and

      WHEREAS, the parties anticipate serving discovery demands and other discovery-related materials that will require the parties' disclosure and production of certain confidential records and information relating to current and/or former students of the Albany High School and/or current and/or former students of CSDA; current and/or former administrators and employees of

---

[1] Also sued herein as the City School District of Albany and/or the City School District of Albany Board of Education (hereinafter "CSDA BOE").

*A.S. v. City School District of Albany, et al.*
Civil Case No.: 1:21-cv-0620 (BKS/ATB)                                                Page **1** of **8**
**PROPOSED PROTECTIVE ORDER ON STIPULATION**

the CSDA; and select other records protected under the Family Educational Rights and Privacy Act ("FERPA") as further specified below; and

WHEREAS, the parties desire to facilitate discovery in this matter while preserving the confidentiality of such information and records in accordance with all federal and state statutes and laws that are applicable to student educational records; personnel files of parties and non-parties; and medical and mental health records of parties and non-parties; and

WHEREAS, for the purposes of facilitating the above, and pursuant to FRCP Rule 26(c)(1), for good cause shown, the parties hereby submit this Stipulated Proposed Protective Order for the Court's consideration; and

WHEREAS, by executing this Stipulated Proposed Protective Order (hereinafter "Protective Order"), the Court determines that the terms set forth herein are appropriate to protect the respective interests of the parties and the public, and accordingly it is hereby ORDERED that:

1) This Protective Order shall govern the use and dissemination of the following categories of documents and information (hereinafter collectively "Confidential records" or "Confidential information") which have been or will be disclosed in this action:

    a. Personnel files relating to current and/or former employees of the City School District of Albany;

    b. Educational, disciplinary, and/or information pertaining to current and/or former students of the City School District of Albany, including

*A.S. v. City School District of Albany, et al.*
Civil Case No.: 1:21-cv-0620 (BKS/ATB)
**PROPOSED PROTECTIVE ORDER ON STIPULATION**

Page **2** of **8**

information that is protected by 20 U.S.C. § 1232g; as well as applicable New York State Education Laws[2]; and

c. Medical, mental, and/or psychological treatment records pertaining to the individuals identified and/or referenced in paragraphs (1)(a) and (1)(b) above.

2) To the extent that Confidential records fall within the scope of paragraph one (1) above, or copies thereof, are produced for inspection in this action, or otherwise become the subject of discovery in this action and/or are submitted to the Court in this action, such materials shall be marked "CONFIDENTIAL" by the individual producing such records (hereinafter the "designating" or "producing" party). The producing party shall designate material as being "Confidential" by affixing the legend "Confidential" to every page of the document that contains Confidential information. With respect to deposition testimony, a party may designate testimony as "Confidential" during a deposition, on the record, noting the beginning and end of such designation, which shall be denoted as such by the Court Reporter; alternatively or additionally, a party may designate such portions of testimony as being "Confidential" by serving a designation within 30 days that a deposition transcript has been made available by the Court Reporter. A document or deposition does not become Confidential in whole merely because a portion of the document or deposition contains Confidential information.

### PROTECTION OF CONFIDENTIAL INFORMATION

3) All Confidential records and information that fall within the scope of paragraph one (1) above, or copies thereof, absent an order from the Court to the contrary, shall only be disclosed by the recipient to the following individuals: (a) The Named Parties; (b) counsel of

---

[2] This Order does not alter the requirements or application of 34 CFR 99.30 and 34 CFR 99.31.

*A.S. v. City School District of Albany, et al.*
Civil Case No.: 1:21-cv-0620 (BKS/ATB)            Page **3** of **8**
**PROPOSED PROTECTIVE ORDER ON STIPULATION**

record in the above-captioned action; (c) counsels' employed staff and vendors retained (e.g., copying services); (d) retained and/or potential expert witness(es) or consultants (including expert witness(es) or consultants' employees and/or support staff) selected by a party to this action to assist in the prosecution or defense of the litigation, who execute the Undertaking[3]; (e) defense counsels' clients in this matter and CSDA's insurance company, including the New York Schools Insurance Reciprocal ("NYSIR"); (f) court reporters; (g) the United States District Court for the Northern District of New York, including court personnel who are authorized to review the Confidential information, documents, or testimony; and (h) witnesses, who counsel believe in good faith have a need to see such Confidential information for purposes of the litigation, who execute the Undertaking.

   4)  Notwithstanding the above, Plaintiff's medical and/or mental health treatment records shall not be disclosed to anyone other than the individuals identified in paragraph 3(b), (c), (d), (f), (g), or, as needed for purposes of the litigation or settlement, the CSDA Superintendent, the named individual Defendants, Jeffrey Honeywell, or CSDA's insurance company.

   5)  Confidential records and information shall only be used by persons permitted access to same pursuant to paragraph three ("3") or four ("4") above and shall be used only for a purpose directly related to the prosecution or defense of this action, including any settlement thereof, and shall not be used for any other purpose whatsoever, nor shall recipients of any Confidential records or information disclose to persons other than those specified herein.

   6)  Except as set forth herein, Confidential records or Confidential information shall not be disclosed by the recipient, unless such materials are, or shall become, public in a manner

---

[3] Attached hereto as Exhibit "A."

*A.S. v. City School District of Albany, et al.*
Civil Case No.: 1:21-cv-0620 (BKS/ATB)    Page **4** of **8**
**PROPOSED PROTECTIVE ORDER ON STIPULATION**

not in violation of this Protective Order (e.g., produced pursuant to an appropriate request made under the FOIL or the FOIA).

7) Nothing in this Order shall be construed to limit in any way the right of the producing person to use its own Confidential material, or to use material which was obtained from a source other than those subject to the instant Order, absent a Court Order to the contrary.

8) In accordance with Local Rule 5.3(a) of the Court, any party seeking to file Confidential information under seal with the Court shall first make an application to the Court for approval to file such records under seal. *See e.g., Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 119-127 (2d Cir. 2006). Counsel acknowledge that the execution and So-Ordering of this Stipulated Protective Order does not obviate counsels' obligations to comply with the requirements set forth by Local Rule 5.3(a) of the Court, nor does same obviate Defendants' obligations to attempt to provide notice and/or an opportunity to be heard to the appropriate individuals as prescribed by applicable New York State and Federal laws. Where the filing party is not the producing party, the filing party shall, to the extent practicable, advise the producing party of the document(s) the filing party intends to file, prior to the date the document is due to be filed, so the producer may move the Court to request the document be filed under seal. In the event the filing party cannot advise the producing party in sufficient time to allow the designating party to move to require the document be filed under seal, then the filing party shall file the documents marked confidential under temporary seal. In such event, the designating party who desires the documents remain under seal shall file an appropriate motion with the Court within 30 days of the document being filed under temporary seal.

9) This Protective Order shall not preclude any person from moving this Court for an order that Confidential information is not, in fact, within the scope of protection afforded by

*A.S. v. City School District of Albany, et al.*
Civil Case No.: 1:21-cv-0620 (BKS/ATB)                                                       Page **5** of **8**
**PROPOSED PROTECTIVE ORDER ON STIPULATION**

Rule 26(c)(1) of the Federal Rules of Civil Procedure or for an Order modifying this Protective Order. During the pendency of such motion, and until determination on the merits has been made by the Court, the document or information asserted to be confidential information shall continue to be treated as such under the terms of this Protective Order.

10) Nothing contained in this Protective Order shall constitute an admission by any party that any document, record, or information designated as confidential is relevant, admissible, or subject to discovery.

11) If a party, through inadvertence, produces any Confidential information or Confidential records to an appropriate recipient, as defined by the terms of this Protective Order, without marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the producing party shall provide written notice to the receiving party, as well as contemporaneously provide a copy of such written notice to opposing counsel, that the information that was produced is Confidential information and should be treated as such in accordance with the provisions of this Protective Order, immediately upon the party's discovery of such inadvertent error. The receiving party shall treat such information as Confidential information from the date that such notice is received. Should a party inadvertently fail to mark or designate Confidential information or Confidential records as such, but immediately provide written notice to an appropriate recipient and opposing counsel as indicated herein, such disclosure shall not be deemed a violation of this Protective Order.

12) Failure to designate Confidential information as same prior to disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.

*A.S. v. City School District of Albany, et al.*
Civil Case No.: 1:21-cv-0620 (BKS/ATB)   Page **6** of **8**
**PROPOSED PROTECTIVE ORDER ON STIPULATION**

13) This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom confidential materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this Protective Order, including all copies thereof, shall be maintained by the receiving party as confidential at all times, except that materials filed publicly with the Court, and not sealed or used at trial, are no longer subject to this Protective Order, unless otherwise Ordered by the Court. Once the action has been resolved, including all appeals, if any, the parties shall immediately (i.e., within thirty (30) days of the final disposition of this action) return all confidential materials subject to this Protective Order, including all copies thereof, to the producing party, or otherwise destroy such materials, except that the attorneys of record for each party may retain a copy of such documents containing Confidential information, along with copies bearing the notations, summations, or other mental impressions of the receiving party, only to the extent required by the rules of ethics or any malpractice policy of counsel.

14) Nothing contained in this Protective Order shall be construed as to require the Court to return documents which have been filed in the action to the parties.

/s_____     Dated: June 10, 2022
Rebecca Houlding (Bar Number: 516113)
*Attorneys for Plaintiff*
Friedman & Houlding LLP
1050 Seven Oaks Lane
Mamaroneck, New York 10543
 Tel:   212-308-4338
 Fax:   866-731-5553
 Email: rebecca@friedmanhouldingllp.com

*A.S. v. City School District of Albany, et al.*
Civil Case No.: 1:21-cv-0620 (BKS/ATB)                                   Page **7** of **8**
**PROPOSED PROTECTIVE ORDER ON STIPULATION**

*signature*
Loraine C. Jelinek (Bar Number: 700354)
Gregg T. Johnson (Bar Number: 506443)
*Attorneys for Defendants – City School District of Albany;*
*City School District of Albany Board of Education;*
*Lori McKenna; Dale Getto; and Anne Savage*
JOHNSON & LAWS, LLC
646 Plank Road, Suite 205
Clifton Park, New York 12065
Tel: 518-490-6428
Fax: 518-616-0676
Email: lcj@johnsonlawsllc.com
       gtj@johnsonlawsllc.com

Dated: June 10, 2022.

IT IS SO ORDERED:

*signature*
Andrew T. Baxter
U.S. Magistrate Judge

Dated: 6/10/2022
       Syracuse, NY

*A.S. v. City School District of Albany, et al.*
Civil Case No.: 1:21-cv-0620 (BKS/ATB)
**PROPOSED PROTECTIVE ORDER ON STIPULATION**

Page **8** of **8**